(7 Misc. Rep. 242.)

### SCHWANN et al. v. CLARK.

(City Court of New York, General Term.   February 8, 1894.)

1. STATUTE OF FRAUDS—PLEADINGS.
    Statute of frauds, to be available as a defense, must be pleaded.
2. CONTRACTS—PERFORMANCE.
    Where a contract of sale requires the goods to be shipped promptly by steamer in October, and the goods were, on October 29th, placed on board of a vessel, which sailed on November 1st, it is a question for the jury whether the shipment was made within the time contemplated by the contract.

Appeal from trial term.

Action by John F. Schwann and another against George W. Clark. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK and FITZSIMONS, JJ.

Parsons, Shepard & Ogden, for appellant.
Hinrichs & Rudolph, for respondents.

FITZSIMONS, J.   The answer does not specifically set up as a defense the statute of frauds; therefore the benefits of that statute

cannot avail defendant in this action.　Crane v. Powell, (Com. Pl. N. Y.) 19 N. Y. Supp. 220, 34 N. E. 911.

The contract of sale required plaintiffs to ship promptly by steamer in October.　The evidence shows that the lead sold was on October 29th placed on board a vessel destined to sail for New York, and which did sail November 1st, two days subsequent.　In my judgment, this was a sufficient compliance with the terms of said contract.　The plaintiffs were only under the duty to ship as early in October as the reasonableness of the trade and shipping facilities permitted.　Whether or not they did so in this case was a question of fact for the jury to determine, which they did, deciding it in plaintiffs' favor, and their finding is conclusive.　The testimony amply justifies it, and, as the vessel sailed two days after the shipment, it is quite evident that the plaintiffs selected a vessel that sailed within a reasonable time thereafter, thus doing all that the law required of them.　Ledon v. Havemeyer, 121 N. Y., at page 185, 24 N. E. 297.　The notice of the resale of the lead was more than reasonable, as the testimony shows.　We have examined the exceptions taken, and find nothing in them that would justify a reversal of the judgment.　Judgment is affirmed, with costs.　All concur.